UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

JAN 2 0 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-636-GWU

PATTIE SOWDERS,                                            PLAINTIFF,

VS:                          MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT,

## INTRODUCTION

Pattie Sowders brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).   The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Sowders, a 54 year-old school teacher/reading specialist with a college education, suffered from impairments related to ischemic heart disease and chronic obstructive pulmonary disease. (Tr. 18, 20). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 23). Since the claimant could still perform her past relevant work, she could not be considered totally disabled. (Tr. 23).

Sowders alleged a disability onset date of May 15, 2002 on her DIB application. (Tr. 50). However, the ALJ determined that, based upon employment records submitted by the plaintiff (Tr. 94-115), she had been engaged in substantial gainful activity from May 15, 2002 through June 18, 2002 and again from September 18, 2003[1] until the March 9, 2004 date of the administrative denial decision (Tr. 18). Thus, the ALJ concluded that, otherwise,

---

[1]Linda Keck, the principal at the plaintiff's school, testified that she actually returned to work in August of 2003. (Tr. 336).

5

the relevant time period for consideration in this action runs from June 19, 2002 through September 17, 2003. (Tr. 18).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ properly concluded that Sowders could return to her past relevant work as an elementary school teacher. The fact that the plaintiff actually returned to this work in September of 2003 without any clear improvement in her condition supports the administrative decision.

Dr. Stephen Lamb, an examining consultant, was the only treating or examining physician to comment upon Sowders' ability to perform work activities during the relevant time period. Based upon his October, 2002 examination, Dr. Lamb reported that the plaintiff would be "moderately limited" in her ability to stoop and have a "mild" restriction of her ability to reach and to handle and he specifically indicated that she would not be restricted in such areas as sitting, standing, moving about, lifting, bending, or traveling. (Tr. 193). The Dictionary of Occupational Titles (DOT) at Section 092.227-010 relating to the job of elementary school teacher indicated that this position would be light in exertion and would require only occasional stooping, reaching, and handling. Thus, the position would be compatible with Dr. Lamb's restrictions.

Dr. Robert Brown (Tr. 231-241) and Dr. Jorge Baez-Garcia (Tr. 242-246), the non-examining medical reviewers, each opined that Sowders could perform a light level work restricted from a full range by (1) an inability to climb ladders, ropes or scaffolds; (2) an inability to more than occasionally crawl; (3) a limited ability to reach; (4) limited vision for far acuity; (5) a need to avoid concentrated

6

exposure to cold, heat or fumes, odors, dusts, gases, and poor ventilation. Based upon Section 092.227-010 of the DOT, these restrictions would also not appear to preclude the elementary school work.

Psychologist Ilze Sillers reviewed the record and opined that it did not reveal the existence of a "severe" mental impairment. (Tr. 247). No treating or examining sources identified mental limitations which contradict this opinion.

Dr. Neil Barry, a treating physician opined that Sowders was disabled in January of 2004. (Tr. 274). This opinion was issued well after the plaintiff returned to work and, so, is outside the relevant time period and contradicted by her very act of engaging in substantial gainful activity. The claimant asserts that the ALJ did not provide sufficient reasons for rejecting this opinion as required under the authority of Wilson v. Commissioner of Social Security, 378 F.3d 541 (6th Cir. 2004). The Court notes that the ALJ cited several reasons why this opinion was not found binding including it being inconsistent with other evidence of record. (Tr. 19). The ALJ then outlined the other evidence of record which was inconsistent with this opinion including Dr. Lamb's essentially normal clinical examination during the relevant time period. (Tr. 19-20). The claimant further asserts that the ALJ erred in relying upon the opinion of the non-examining medical reviewers when neither saw Dr. Barry's opinion.[2] However, Dr. Lamb was an examining source with which the administration's findings were also compatible. Therefore, the Court must reject the claimant's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be

---

[2]Dr. Brown reviewed the record in October of 2002 (Tr. 241) while Dr. Baez-Garcia saw it in January of 2003 (Tr. 246).

7

entered simultaneously consistent with this opinion.

This the _____ 20 _____ day of January, 2006.

G. WIX UNTHANK
SENIOR JUDGE

8